UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUSAN B. LONG, et al.,

        Plaintiff,

v.

UNITED STATES INTERNAL
REVENUE SERVICE,

        Defendant.

No. C74-724MJP

ORDER DENYING
DEFENDANT'S MOTION
FOR STAY PENDING APPEAL

      This matter comes before the Court on Defendant United States Internal Revenue Service's Motion for Stay Pending Appeal. (Dkt. No. 38). The Court has reviewed Defendant's motion, Plaintiff Susan B. Long's opposition, and Defendant's reply to this motion, as well as all exhibits and declarations submitted in support of the parties' positions. Having considered all matters before it, the Court hereby DENIES the request for stay. The reasons for the Court's ruling are set forth below.

**Background**

      Ms. Long is the co-director of the Transactional Records Access Clearinghouse ("TRAC"), a research organization associated with Syracuse University. In 1974, Ms. Long filed an action in this Court under the Freedom of Information Act ("FOIA") to obtain statistical data from the United States Internal Revenue Service ("IRS"). On July 23, 1976 this Court entered a consent order

ORDER - 1

requiring the IRS to disclose Report NO-CP:A-323 or any similar reports for Ms. Long's review, as long as the agency continues to compile such data.

In January 2006, Ms. Long filed a motion to enforce the consent order with respect to a particular IRS report: the Audit Information Management System Table 37 ("Table 37"). In April, this Court granted Ms. Long's motion to enforce the consent order, finding that Table 37 was "sufficiently similar" to the NO-CP:A-323 reports, and therefore within the scope of the consent order. Accordingly, Ms. Long was granted prompt access to Table 37 reports for fiscal years 2002, 2003, 2004, 2005, and any reports for fiscal year 2006 that had been compiled to date. The Court also directed the IRS to make future Table 37 reports available to Ms. Long upon proper request.

The IRS has now filed this motion for stay pending appeal, claiming that "disclosure of the statistical information contained in Table 37 would result in disclosure of the return information of individual taxpayers." (Stay Mot. at 2). The IRS's concern is that Table 37 statistical data would reveal the return information of taxpayers in cells of one or two (statistical brackets that contain information from only one or two taxpayers). The IRS is asking for a stay to redact the data so that cells of one or two would not be included. (Reply at 1).

**Analysis**

A taxpayer's "returns" and "return information" are generally held to be confidential. 26 U.S.C. §6103(a). However, the restriction "does not include data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer." 26 U.S.C. §6103(b)(2). In its order to enforce the 1976 consent order, the Court gave three reasons why section 6103 does not relieve the IRS of its obligation under the consent order to provide Table 37 to Ms. Long upon proper request. First, the Court noted that consent orders are enforceable despite changes in law, unless they have been properly modified or vacated under Fed. R. Civ. P. 60(b). Second, the IRS had not provided sufficient evidence to support its claim that production of Table 37 actually reveals "return information." Lastly, the Court found that even assuming that "cell of one" entries in Table 37 indirectly reveals a taxpayer's "return information," the IRS could redact such entries.

ORDER - 2

The IRS does not appear to be asking for a stay on the entire order of production, but only for permission and allowance of an unspecified amount of time to redact the cells of one or two in Table 37 reports. If the IRS is uncertain about whether or not redaction is permitted, the IRS should seek to amend the order to clarify this point. If, on the other hand, the IRS does not agree with the order as written, it should move to properly modify or vacate the order pursuant to Fed. R. Civ. P. 60(b)(6). Regardless, a motion for stay is not the appropriate step.

Furthermore, it is not clear whether Ms. Long objects to redaction of the documents. In his declaration, David Burnham (Ms. Long's co-director of TRAC) indicated that the IRS had redacted some of the Table 37 reports produced to Ms. Long, illustrating the feasibility of such a task. Mr. Burnham's statement appears to suggest that Ms. Long and TRAC do not object to reports redacted in such a way. If, however, Ms. Long has an objection to the IRS's redaction of cells of one or two in Table 37 reports, she may move to require the IRS to produce un-redacted reports.

In short, the Court does not regard the IRS's motion as a proper motion for a stay – a point that is illustrated by the fact that the IRS failed to address any of the relevant factors for obtaining a stay in its opening brief. Nonetheless, the Court will consider the relevant factors to a motion for stay: (1) the likelihood of success on the merits, (2) irreparable harm to the appellant, (3) relative hardship of the parties, and (4) the public interest. <u>Nautilus Group, Inc. v. Icon Health & Fitness, Inc.</u>, 308 F. Supp. 2d 1208, 1216 (W.D. Wash. 2003). All four factors need not be met in order to grant a stay, but the balance should "tip sharply" in appellant's favor. <u>Lopez v. Heckler</u>, 713 F.2d 1432, 1435 (9th Cir. 1983).

1. <u>Likelihood of Success on the Merits</u>

The IRS has not demonstrated a likelihood of success on its appeal of the Court's order to enforce the 1976 consent order. Even if the Ninth Circuit found that the IRS had provided sufficient evidence to show that Table 37 disclosed identifying return information in violation of section 6103, there are still two other reasons this Court gave for requiring the IRS to produce Table 37 reports. First the consent order is enforceable despite changes in law, unless properly modified. Second, even

ORDER - 3

if Table 37 indirectly reveals return information, the IRS is not precluded from redacting such entries. The IRS fails to address either of these additional reasons in its motion. In any case, the IRS does not produce convincing evidence to support its contention that cells of one or two could provide sufficient information to identify the particular taxpayer whose data is included in the cell. On the other hand, Ms. Long demonstrates that similar data is available on the IRS website and, furthermore, that the categories of taxpayers in particular examples of cells of one (such as income range or industry type) are so large that millions of possible individual or corporate taxpayers could feasibly be the one referenced. And finally, it is not even certain whether the Solicitor General will attempt an appeal on the merits, thereby lessening the need for a stay in that regard.

        2.      <u>Irreparable Harm to the Appellant</u>

The IRS contends that disclosure of taxpayer return information would result in irreparable injury to taxpayers, since "[r]eturn information, once disclosed, cannot be undisclosed." (Stay Reply at 2). Such a claim ignores the fact that this Court has previously held that the IRS has not sufficiently demonstrated that Table 37 reports contain taxpayer return information protected by section 6103. In fact, evidence produced by Ms. Long suggests otherwise. In any case, nothing in the Court's order forbids the IRS from redacting cells of one or two.

        3.      <u>Relative Hardship of the Parties</u>

The IRS claims that the burden of line by line redaction would be "inordinate." While it may be time consuming to manually redact entries, it is not infeasible. On the other hand, granting a stay would, at least temporarily, deprive Ms. Long of the information in Table 37 reports, making comprehensive data collection difficult.

        4.      <u>The Public Interest</u>

The IRS has not been able to adequately demonstrate that cells of one or two contain identifying return information. It therefore remains uncertain whether producing the data to Ms. Long in either unmodified or redacted form would have any effect on the general public's privacy concerns. Moreover, there are public benefits from the research data compiled by Ms. Long and TRAC.

ORDER - 4

**Conclusion**

Because the motion for stay is confusing and ill-timed, and the four factors relevant to issuing a stay do not tip sharply in favor of the IRS, the Court DENIES the IRS's motion for stay. If the IRS still wishes to redact cells of less than three from Table 37, the parties should meet and confer. If the parties cannot reach an agreement on redaction, the IRS should move to have the consent order modified or vacated pursuant to Fed. R. Civ. P. 60(b).

The Clerk is directed to send copies of this order to all counsel of record.

Dated: August 2, 2006.

                                        s/Marsha J. Pechman
                                        Marsha J. Pechman
                                        United States District Judge