UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN B. LONG, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES INTERNAL REVENUE SERVICE,<br><br>    Defendant. | Case No. C74-724 MJP<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE AND DENYING DEFENDANT'S MOTION TO MODIFY CONSENT ORDER |

This matter comes before the Court on Plaintiff's motion to enforce (Dkt. No. 64) and Defendant's motion to modify (Dkt. No. 66) this Court's 1976 Consent Order. After reviewing the motions and all materials submitted in support thereof and after hearing oral argument from the parties, the Court GRANTS Plaintiff's motion. Defendant is ordered to produce complete unredacted copies of Tables 35, 36, 37 and 38 as previously requested and upon future requests. The reports must be produced in electronic format in accord with 5 U.S.C. § 552(a)(3)(B). Previously requested documents must be delivered within thirty days of the date of this order, and production on future requests must be complete within 30 days of the request. Reports generated on a monthly basis are to be delivered to Ms. Long every month. Defendant must also provide Plaintiff with the requested sample A-CIS reports.

The Court DENIES Defendant's motion to modify the Consent Order. Defendant is not in a position to request modification of any order when not currently in compliance with an order of this Court.

**Background**

In 1974, Ms. Long filed this action under the Freedom of Information Act ("FOIA") to

ORDER ON MOTION TO ENFORCE — 1

1  obtain statistical information from the Internal Revenue Service ("IRS").  On July 23, 1976, the
2  Court entered a Consent Order in the matter, compelling the IRS to provide Ms. Long with "all
3  statistical data regardless of the format or particular categorization which are hereafter compiled
4  and are similar to that contained in Document 5301, Document 5302, Quarterly Statistical
5  Reports, Report NO-CP:A-68, or in any of Reports NO-CP:A-231 through -260[.]"  (See Dkt.
6  No. 21 at 2.)  None of the reports specifically referenced in the Consent Order are still produced
7  by the IRS.

8        On April 3, 2006, the Court granted Plaintiff's first motion to enforce the Consent Order.
9  (Dkt. No. 21.)  The Court determined that the report known as Audit Information Management
10 System ("AIMS") Table 37 is "similar" to the reports referenced in the Consent Order and
11 directed the government to provide copies of any "monthly, quarterly, and year-end AIMS Table
12 37 reports" for fiscal years 2002 onward, upon Plaintiff's request.  (Id. at 1.)

13       Six months after the Court's order, Defendant filed a motion for stay asking that the IRS
14 be given time to redact "cells of one or two" from Table 37 to prevent improper disclosure of
15 taxpayer return information.  The Court denied the motion on August 2, 2006 stating, "If the IRS
16 still wishes to redact cells of less than three from Table 37, the parties should meet and confer.  If
17 the parties cannot reach an agreement on redaction, the IRS should move to have the consent
18 order modified or vacated pursuant to Fed. R. Civ. P. 60(b)."  (Dkt. No. 54 at 5.)  The parties
19 attempted but failed to negotiate the issue of redaction.  Defendant then refused complete
20 production in defiance of this Court's orders.

21       Defendant never filed a 60(b) motion, never appealed this Court's decision, and has not
22 explained why it did not comply with the direct orders of this Court.  As it is not in compliance
23 with this Court's orders enforcing the 1976 Consent Order, Defendant is in no position to bring a
24 motion to modify that order.  Defendant's motion is denied.  Defendant's conduct prompted
25 Plaintiff to bring the current motion to enforce.

26
27
ORDER ON MOTION TO ENFORCE — 2

**Analysis**

**I. Redaction**

Since the Court's 2006 orders, Defendant has provided Ms. Long with copies of Table 37 after redacting from the report any cells that contain the data of only one or two taxpayers. While the IRS is prohibited from disclosing a taxpayer's "return information," the restriction "does not include data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer." 26 U.S.C. § 6103(b)(2). While Table 37 may contain "raw tax data" (IRS mtn. at 6), the IRS effectively reformulates that data by extracting it from taxpayers' files and compiling it in a statistical tabulation. The very act of compiling and tabulating large quantities of data converts the return information to a "form" not associated with an individual taxpayer. See Church of Scientology v. IRS, 484 U.S. 9, 15-17 (1987) (simple redaction of identifying information from "materials as it exists in its files" is insufficient to render return information disclosable).

The IRS contends that data from an individual taxpayer remains "return information" if it is not amalgamated with other figures because it represents a specific figure pertaining to a specific taxpayer. The Court disagrees. See King v. IRS, 688 F.2d 488, 491 (7th Cir. 1982) (labeling Defendant's current position "extreme"). The data contained in Table 37 is not removed from the realm of "return information" by virtue of amalgamation alone; when that data is extracted from individual files and compiled in a statistical representation, it takes on a form that does not identify an individual taxpayer. Full production of Table 37 does not violate 26 U.S.C. § 6103 and Defendant is ordered to provide Ms. Long with unredacted copies.

**II. The FOIA Exemption for Deliberative Process**

Since the Court's 2006 orders, the IRS has refused to produce reports of Table 37 that include preliminary year-end tables on the ground that they are protected by FOIA exemption five, the deliberative process privilege. (See Long Decl. at ¶ 5-12.) As a preliminary matter, Defendant waived the FOIA exemption when it failed to raise the privilege before the Court

ORDER ON MOTION TO ENFORCE — 3

issued its final appealable order on Ms. Long's initial motion to enforce. See <u>Louis v. United States DOL</u>, 419 F.3d 970, 979 (9th Cir. 2005) (indicating that agency must timely raise the exemption before the district court); <u>Fendler v. United States Parole Com.</u>, 774 F.2d 975, 978 (9th Cir. 1985) (same).

Even had Defendant properly raised the issue, it has not shown that the deliberative process privilege should apply. The privilege safeguards an agency's ability to "explore possibilities, engage in internal debates, or play devil's advocate without fear of public scrutiny" and does not protect purely factual material. <u>Assembly of California v. United States Dep't of Commerce</u>, 968 F.2d 916, 920 (9th Cir. 1992). The statistical data contained in Table 37 are not recommendations and do not relate to any budget or spending policy. See <u>Quarles v. Dept. of the Navy</u>, 893 F.2d 390, 392-3) (D.C. Cir. 1990). Disclosure of preliminary data, even if adjusted in a later table, does not reveal an Agency's deliberative process. See <u>Carter v. United States DOC</u>, 307 F.3d 1084 (9th Cir. 2002) (preliminary figures on census data not protected by deliberative process privilege). Defendant is ordered to produce the withheld reports to Ms. Long.

**III. Tables 35, 36, and 38 are "Similar" to Table 37**

Ms. Long's separate FOIA request for tables 35, 36 and 38 does not affect the Court's authority to enforce the 1976 Consent Order. In its April 3, 2006 order, the Court described the data in Table 37 as:

> statistical data on IRS examination of tax returns, specifying types of returns examined, hours spent on examination, additional dollars of taxes recommended, dollars of additional taxer per return examined and hour of examination and percentage of returns for which no additional taxes were recommended.

(Dkt. No. 21 at 3.) The IRS does not dispute that Tables 35, 36 and 38 contain statistical data similar to that contained in Table 37. Defendant contends only that Table 36 need not be produced because it is "merely duplicative" of Table 37, and that Table 38 organizes data on Agency audits by "categories" and "programs" that did not exist at the time of the Consent Order. (2d Gulas Decl. at ¶¶ 19-20.)

Defendant cannot ignore that Tables 35, 36, 37 and 38 all contain statistical data on audits

ORDER ON MOTION TO ENFORCE — 4

conducted by the Agency. The Court previously held that such data fell within the scope of the Consent Order, and will not restrict that ruling by disqualifying a report on the basis of its organization or its duplicative nature. The Consent Order specifically states that the Agency must provide Ms. Long with similar statistical data "regardless of the format or particular categorization." (See Dkt. No. 21 at 2.) The Court concludes that Tables 35, 36 and 38 fall within the scope of the Consent Order and must be produced to Plaintiff.

**IV. Sample Reports**

Ms. Long cannot determine whether reports are similar to those covered by the Consent Order without reviewing samples of the reports currently produced by the IRS. Defendant must respond to Ms. Long's previous request for samples and produce preformatted versions of the reports sought. (See Long Decl. at ¶ 51-52.)

**Conclusion**

Defendant's motion to modify the 1976 Consent Order is hereby DENIED and Plaintiff's motion to enforce is GRANTED. Defendant is ordered to produce complete unredacted copies of Tables 35, 36, 37 and 38 as previously requested and upon future requests. The reports must be produced in electronic format in accord with 5 U.S.C. § 552(a)(3)(B). Previously requested documents must be delivered within thirty days of the date of this order, and production on future requests must be complete within 30 days of the request. Reports generated on a monthly basis are to be delivered to Ms. Long every month. Defendant must also provide Plaintiff with the requested sample A-CIS reports.

The Clerk is directed to send a copy of this order to all counsel of record.

Dated: June 13, 2008.

_/s/ Marsha J. Pechman_

Marsha J. Pechman

U.S. District Judge