UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUSAN B. LONG, et al.,

Plaintiffs,

v.

UNITED STATES INTERNAL REVENUE SERVICE,

Defendant.

Case No. C74-724 MJP

ORDER DENYING DEFENDANT'S MOTION FOR STAY

This matter comes before the Court on Defendant's motion for stay pending appeal. (Dkt. No. 91.) After reviewing the motion, Plaintiff's response (Dkt. No. 92), Defendant's reply (Dkt. No. 98), and all materials submitted in support thereof, the Court DENIES Defendant's motion for the reasons stated below.

**Background**

Having fully set forth the facts in previous orders (see Dkt. Nos. 54 & 85), a brief summary of the relevant facts follows. In 1974, Ms. Long filed this action under the Freedom of Information Act ("FOIA") to obtain statistical information from the Internal Revenue Service ("IRS"). On July 23, 1976, the Court entered a Consent Order in the matter, compelling the IRS to provide Ms. Long with the requested data.

Upon Ms. Long's motion, the Court entered an order enforcing the 1976 Consent Order on April 3, 2006. (Dkt. No. 21.) Although none of the reports specifically referenced in the Consent Order were still generated by the IRS, the Court found that the report known as Audit Information Management System ("AIMS") Table 37 was "similar" to the reports referenced in the Consent Order and directed production by the IRS. Six months after the Court's order,

ORDER ON MOTION FOR STAY — 1

Defendant filed a motion for stay asking that the IRS be given time to redact "cells of one or two" from Table 37 to prevent improper disclosure of taxpayer return information. (Dkt. No. 38.) The Court denied the motion on August 2, 2006. (Dkt. No. 54 at 5.) Defendant then refused complete production in defiance of this Court's orders.

On February 11, 2008, Plaintiff brought a motion to enforce those orders. (Dkt. No. 64.) Defendant responded with a motion to modify the 1976 Consent Order. (Dkt. No. 66.) On June 13, 2008, the Court denied Defendant's motion to modify and granted Plaintiff's motion to enforce. (Dkt. No. 85.) Defendant now brings this motion to stay the June 13, 2008 order pending appeal.

**Analysis**

The Court must consider four factors relevant to a motion for stay: (1) the likelihood of success on the merits; (2) irreparable harm to the appellant; (3) relative hardship of the parties; and (4) the public interest. Nautilus Group, Inc. v. Icon Health & Fitness, Inc., 308 F. Supp. 2d 1208, 1216 (W. D. Wash. 2003). All four factors need not be met in order to grant a stay, but the balance should "tip sharply" in appellant's favor. Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983).

I. Likelihood of Success on the Merits

The IRS has not demonstrated a likelihood of success on the merits. Defendant's primary argument is that full production of the requested reports would result in improper disclosure of individual taxpayer return information. Defendant insists that cells in those reports containing information from only one or two taxpayers contain undisclosable return information. While a taxpayer's return information is undoubtedly confidential, it ceases to be return information when it is transformed into a "form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer." 26 U.S.C. § 6103(b)(2).

While Defendant correctly cites Church of Scientology v. IRS, 484 U.S. 9 (1987) as controlling authority, it errs in applying the Supreme Court's decision. In Scientology, the

ORDER ON MOTION FOR STAY — 2

petitioner sought disclosure of original IRS files and other written records that specifically related to the Church of Scientology. Id. at 10. The Court found that any requested documents containing return information as defined by §6103(b)(2) could not be disclosed, even if all information identifying the individual taxpayer was deleted. Id. In sum, the Court held that redaction of the taxpayer's identifying information would not shift a document containing data related to an individual taxpayer "outside the realm of protected information." Id. at 15.

The Scientology decision supports this Court's current conclusion. Ms. Long has not requested records related to a particular taxpayer. Instead, she seeks reports compiled by the IRS that contain data extracted from multiple taxpayer files and reconfigured into a statistical representation. It is this extraction and reconfiguration process that shifts the data outside the realm of return information. Though much of the data is amalgamated, the Court does not find that the non-amalgamated figures contained in the reports are similar to the undisclosable return information described in Scientology. As stated in the June 13, 2008 order, "[t]he data contained in Table 37 is not removed from the realm of 'return information' by virtue of amalgamation alone; when that data is extracted from individual files and compiled in a statistical representation, it takes on a form that does not identify an individual taxpayer." (Dkt. No. 85 at 3.)

Neither is Defendant likely to succeed on its claim that the Court improperly modified the 1976 Consent Order sua sponte. In its June 13, 2008 order, the Court directed the IRS to produce reports generated monthly to Ms. Long every month, and to produce all requested documents in electronic format in accord with 5 U.S.C. § 552(a)(3)(B). (Dkt. No. 85 at 5.) The Consent Order mandates prompt production of requested documents. (See Dkt. No. 21 at 2.) Ms. Long has made monthly requests for Table 37 and prompt delivery on those requests requires monthly production. The Court's order directing electronic production is also within the scope of the 1976 Consent Order, which does not identify the form of the records to be produced but simply requires that the IRS provide "copies" of the records. Consent Order ¶ 4.

## II. Irreparable Harm, Relative Hardship and the Public Interest

Because the Court finds that the requested documents do not contain return information, denying Defendant's requested stay presents no risk of irreparable harm to any party. While the Court agrees that the public has a substantial interest in maintaining confidentiality of taxpayer return information, that interest will not be affected by complete production of the requested documents. Further, full compliance with this Court's orders will not moot Defendant's argument on appeal. Because Ms. Long's requests for production are ongoing, if the Ninth Circuit agrees with Defendant's argument, the IRS can perform redactions on future productions.

In light of Defendant's repeated assertions that redacting cells of one and two is a cumbersome project, the Court finds that ordering Defendant to produce the documents without redactions will not increase the hardship on the IRS. The Court is keenly aware that Defendant has failed to comply with its previous orders, even after Defendant's first motion for a stay was denied. The Court directs Defendant to comply immediately with the instructions set forth in the June 13, 2008 order.

**Conclusion**

Because Defendant has not shown a likelihood of success on the merits of its appeal, and because enforcement of the Court's June 13, 2008 order will not cause irreparable harm to any party or increase the burden on the IRS and does not impact the public interest, Defendant's motion for a stay pending appeal is DENIED.

The Clerk is directed to send a copy of this order to all counsel of record.

Dated: August 29, 2008.

Marsha J. Pechman

U.S. District Judge

ORDER ON MOTION FOR STAY — 4